People v Skeeter (2023 NY Slip Op 02946)

People v Skeeter

2023 NY Slip Op 02946

Decided on June 01, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 01, 2023

Before: Moulton, J.P., González, Mendez, Rodriguez, JJ. 

Ind. No. 2200/15 Appeal No. 367 Case No. 2018-5206 

[*1]The People of the State of New York, Respondent,
v
Alfonso Skeeter, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Victorien Wu of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Matthew B. White of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered June 8, 2018, convicting defendant, after a jury trial, of manslaughter in the first degree and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 20 years and 8 years, unanimously modified, on the facts and as a matter of discretion in the interest of justice, to the extent of vacating the manslaughter conviction and dismissing that count, and otherwise affirmed.
In this case involving a gunfight, with shots fired by both parties, the People did not meet their burden of disproving defendant's justification defense beyond a reasonable doubt. We reach this issue in the interest of justice and vacate the manslaughter conviction, which is the only conviction to which that defense applied in this case.
The conflict that led to the exchange of gunfire between defendant and the deceased, Raymond Rosello, began as an argument on the street outside a deli, located at 180th Street and Daly Avenue, between Rosello and Samuel Colon, who had "ongoing issues with each other." Rosello, who was accompanied by his friend Melissa Valentin, the only prosecution witness who saw any part of the incident, took a swing at Colon, who asked his companion Anthony Washington to swing back, which he did. At that point, Colon called out to alert a group of friends who were just down the block.
The group, led by defendant, came running. As they approached, Rosello grabbed a pistol from inside Valentin's bag. The group stopped advancing and defendant and Colon took cover behind parked cars. Rosello went toward the middle of 180th Street, heading toward Vyse Avenue, while Valentin went the opposite way toward Daly Avenue. Shortly thereafter, the shooting started, with each man firing approximately 10 shots toward the other. A number of the bullets fired by Rosello struck a street level window of a building near where defendant and Colon had taken cover and two cars that were in front of defendant and Colon. Rosello was struck once in the back of his right thigh, and once, fatally, in his upper back.
"When a defense of justification is raised, the People must prove beyond a reasonable doubt that [the] defendant's conduct was not justified. In other words, the People must demonstrate beyond a reasonable doubt that the defendant did not believe deadly force was necessary or that a reasonable person in the same situation would not have perceived that deadly force was necessary" (People v Umali, 10 NY3d 417, 425 [2008] [internal citation and quotation marks omitted]). In this case, the evidence regarding which man initiated the gunfire was equivocal at best. Valentin, the lone eyewitness, testified that she did not know who fired first. Footage from numerous surveillance cameras, each of which captured only part of the scene, did not answer that question, nor did the ballistic evidence. There was no evidence that defendant approached displaying [*2]a firearm. Rather, the evidence strongly suggests that Rosello was the first person to do so.
In this case, we do not believe that the mere fact that the victim was shot in the back establishes that defendant was the initial aggressor, or that he did not reasonably believe that deadly physical force was still being used against him at the time he fired the fatal shot. Under the totality of the evidence, the fact that Rosello had his back turned to defendant at the moment when he was shot does not establish that he was withdrawing from the gunfight or running away.
Accordingly, based on the record as a whole, we do not find that the People disproved the defense of justification beyond a reasonable doubt.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 1, 2023